## Correll's Account.

*Equity—Equity rules—Auditor—Death of auditor—Receiver—Refusal to answer questions.*

1. Where an auditor was appointed before the adoption of Equity Rules 59 and 70½, doing away with auditors, and died thereafter, and another person was appointed auditor, the proceedings should be concluded in the manner in which they had been begun before the adoption of the rules.

2. Where a receiver, whose accounts are being audited, refuses to answer questions propounded to him before the substituted auditor, and does so on advice of counsel, and because of alleged lack of jurisdiction of the auditor, the court, after he has been surcharged by the auditor, will, on finding that the auditor has jurisdiction, direct that on filing of a proper affidavit by the accountant, the matter be referred back to the auditor to take further testimony and report.

Exceptions on the part of accountant to report of auditor *sur* first and final account of Harry T. Correll, Receiver of Penn Central Railway Company. C. P. Cambria Co., Dec. T., 1920.

Before Evans, P. J., McCann, J., and Reed, P. J.

*Donald E. Dufton,* for accountant.

*F. J. Hartman, D. P. Weimer* and *George E. Wolfe,* contra.

Evans, P. J., Sept. 3, 1923.—The exceptions filed complain of two matters: (1) That the auditor was without authority to take the evidence and make findings of fact and conclusions of law and report distribution by reason of the provisions of Equity Rules Nos. 59 and 70½; and (2) that the auditor's conclusion that the accountant should be surcharged with $3000 compensation set up in the account, which the auditor disallowed on the ground that the funds in the accountant's hands had not been kept separate, but had been commingled with or used for the personal purposes of the accountant, was erroneous.

The account was filed Dec. 6, 1920, and no exceptions being filed, was confirmed Dec. 11, 1920. On Dec. 13, 1920, Philip P. Sharkey, Esq., was appointed auditor to distribute the funds in the hands of the receiver. The auditor gave the usual notice and sat on one or more occasions to perform his duties. He was subsequently taken ill and was not able to conclude the audit, so that on April 3, 1922, on motion, it appearing to the court that Mr. Sharkey had not been able, by reason of illness, to fully perform his duties, the court appointed Roman C. Widmann, Esq., as auditor to succeed Philip P. Sharkey, Esq., and report distribution of the funds in the hands of the accountant. On June 22, 1922, a petition was presented to the court, setting forth that certain matters had appeared as a result of the hearings before the auditor, and charging, among other things, that the receiver had commingled and used the trust funds with his own funds for his own private purposes, thereby forfeiting any and all right to compensation, and asking leave to have the account opened for review and the parties be permitted to file exceptions. A rule to show cause was granted, an answer filed by the accountant, testimony taken, and, after hearing, an order was made permitting the opening of the account and permitting the filing of exceptions. Thereupon the matter was proceeded with, but the accountant, contending that the exceptions allowed by the court were of no effect and indirectly raising the question of the jurisdiction of the auditor, declined to submit to an examination as to the matters complained of in the exceptions. Testimony was introduced before the auditor, showing the deposit by the accountant of the money received by him in one of the banks of Johnstown; that thereafter he checked out in excess of the amount

permitted, as shown by his account, and, in fact, checking out part of the money for distribution, being a substantial sum in excess of the amount for which credit was claimed in the account. The accountant refused to make any explanation or submit to an examination as to these funds. The auditor thereupon found, in his ninth, tenth and eleventh findings of fact, that the accountant had withdrawn from the bank $14,617.62 in excess of disbursements claimed as credits in his first and final account, and concludes that the accountant withdrew the said sum of money and used the same for his private purposes, and in his conclusions of law surcharges the accountant with $3000 fees, on the ground that he had used the money of the receivership for his own private purposes.

There is no question but that if the accountant did use the funds of the receivership for his own private purposes that the auditor could not do otherwise than surcharge him his compensation. However, it is quite apparent that the conclusion of the auditor results largely from the fact that the accountant declined to submit to an examination as to what had been done with the money withdrawn from the bank account, which refusal was based upon the advice of his counsel. In so far as this refusal is based upon the objection or question raised that the exceptions could not be filed, we will say that this matter has been disposed of by this court, the account being opened and the parties interested permitted to file exceptions, so that this question was properly before the auditor by reason of an order subsequently extending and increasing his powers to investigate the exceptions.

As to the question of jurisdiction, however, we have more or less difficulty. The accountant relies upon Rules Nos. 59 and 70½ of the Equity Rules of the Supreme Court to sustain him in his position that the auditor was without power or jurisdiction to pass upon the exceptions. Rule 59, amended, as it affects this proceeding, and Rule No. 70½ were adopted by the Supreme Court on Dec. 30, 1920. Mr. Sharkey was appointed auditor in this proceeding on Dec. 13, 1920, before these rules were adopted, so that there could be no question about his appointment, and the proceeding before the auditor was entirely proper and regular when the appointment was made. This being the case, there could have been no question whatever raised if Mr. Sharkey had been able to conclude his duties. However, after having performed part of his services, Mr. Sharkey became ill, and it was necessary to appoint another auditor to complete the work. We are unable to reach the conclusion that, because under the circumstances it became necessary to appoint an auditor to succeed Mr. Sharkey and conclude his work in the proceeding, that thereby the whole matter of services to be rendered by the auditor must be begun anew before the court. Such a construction of the effect of these rules would seem to us to be unreasonable and unjust. While it is true that the Rules of the Supreme Court relating to equity practice have the force and effect of acts of assembly, yet this very fact leads us to the conclusion that such an act would only affect proceedings instituted after the adoption of the rules, and the proceeding before the auditor having been instituted in this case before the rules were adopted doing away with auditors, the matter should be concluded in the manner in which it had been begun before the adoption of the rules.

In view of the fact, however, that this is a close question, and also the fact that the auditor relied largely upon the refusal of the accountant to testify when reaching his conclusions upon which he entered the surcharge for the accountant's compensation, we believe it only right and just that the account-

4 D. & C.

Correll's Account.

ant be given an opportunity to submit himself to examination if he so desires. We, therefore, enter the following decree:

And now, Sept. 3, 1923, after due consideration, it is ordered and decreed that if the accountant files within ten days his affidavit to the effect that the funds in his hands as receiver were not used for his personal uses, then this matter is referred back to the auditor, with direction to call upon the accountant and take such testimony as may be material as affecting this question of surcharge and make such amendments and changes in his findings as the testimony may require. If such an affidavit is not filed within the time specified, then the prothonotary will enter upon the record the decree of this court dismissing the exceptions.　　From H. W. Storey, Jr., Johnstown, Pa.